NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IRENE SEAGER, individually and as
representative of the requested classes,

Plaintiff-Appellant,

v.

UNITED TEACHERS LOS ANGELES; et
al.,

Defendants-Appellees.

No. 19-55977

D.C. No. 2:19-cv-00469-JLS-DFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Irene Seager appeals from the district court's judgment on the pleadings in

her 42 U.S.C. § 1983 putative class action alleging a First Amendment claim

arising out of union membership dues.  We have jurisdiction under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Appellant's request for oral
argument, set forth in the opening brief, is denied.

§ 1291. We review de novo the district court's judgment on the pleadings. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Because Seager failed to raise an objection to the argument that her claim seeking prospective relief was moot, she waived the right to challenge the issue on appeal. *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1007 (9th Cir. 2008) ("[I]f a party fails to raise an objection to an issue before judgment, he or she waives the right to challenge the issue on appeal." (citations and internal quotations omitted)).

Dismissal of Seager's First Amendment claim against United Teachers of Los Angeles ("UTLA") was proper because the deduction of union membership dues arose from private membership agreements between UTLA and Seager, and "private dues agreements do not trigger state action and independent constitutional scrutiny." *Belgau v. Inslee*, 975 F.3d 940, 946-49 (9th Cir. 2020), *cert. denied*, No. 20-1120, 2021 WL 2519114 (June 21, 2021) (discussing state action).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief.").

19-55977

Seager's motion for summary affirmance (Docket Entry No. 41) is denied.

**AFFIRMED.**